Mr. Justice Richardson
delivered the opinion of iim court.
Whether the negro wench was diseased at the tune of sale or not, was a fact for the jury to determine, and, the’ questionable, the court cannot perceive that the verdict is against the evidence, in that particular. It is unnecessary to detail the testimony. But a question of another kind and of some difficulty, is presented, to wit, whether, wbero an express warranty of the title to a chattel is made, there: can be an implied warranty of its soundness ; and many authorities have been adduced to shew, that where there has been one warranty expressed, other warranties are excluded. (Bac. Warr. Phillips 422. 2 Day 23. 4 Dallas 440. Peake 15.) As a general rule, this position is just, but where we consider, how repeatedly it lias been adjudged in this state, that wherever a chattel is sold for a full price, such sale per se, implies a warranty of the physical soundness of the chattel, and bow many recoveries by-reason of tbe unsoundness of chattels sold, have been predicated upon bills of sale with only the usual express warranty “ against all persons claiming, &c.” as in the case before us, it would be inconvenient, and would probably be a misconstruction of tbe real intention of parties to such bills of sale, were we at this day to decide, tliat the express warranty of title excludes the implied warranty of soundness. The express warranty can be no more than presumptive proof of the exclusion of all other warranties : and this may be well counteracted by opposite pvesump-\forts, arising from general practice, and the course of ad *424 judications, made without objection. These shew the general opinion and intention of parties in similar contracts, and like every general usage must have great influence upon a question involved in any doubt. I predicate my own opinion mainly upon this consideration, but it must not be lost sight of, that the maxim of a sound price 'implying a warranty of physical soundness in the chattel purchased, is said to be derived from the civil law, and that, without the presumption of warranty by the vendor, whenever the chattel bought is lost by reason of some inherent defect, the price is to be restored to the purchaser as money which had been received by the seller yrithout any consideration, and as, therefore, equitably belonging still to tlie purchaser. And this view of the maxim and its origin, probably gave rise to tlie practice of considering the express warranty of title, as not excluding the implied one of soundness. But however introduced, or for what purpose, the general understanding and practice upon any subject are to be respected ; and however we may differ in the origin, or perceive not the reason, I am disposed to treat them with something like the respect due to ancient tules of law, and with the hope that at some other time, in some other place, on some other occasion, the wisdom may appear.”
It is to be observed too, that there are not wanting instances, where express warranties do not take away warranties in law, or implied warranties, as in Noke's case, (4 Repts. 81.) As, if a man leaseth for life and farther bindeth himself and his heirs to warranty, here the express warranty doth not take away the warranty in law; for, if he in reversion granteth over his reversion, and the lessee attorneth, and afterwards is impleaded, he may vouch the grantee by the warranty in law, or he may vouch the lessor by the express warranty. (See 1st Inst. 384.) Buttho’ a majority of the court are of opinion that the express warranty does not in this instance exclude the implied warranty, and would not disturb the verdict, because it jnav be doubtful whether the wench was sound or unsound *425 at the time of the sale; yet there could be no reason hi finding a verdict for the defendant generally ; as the child remained sound, and was an integral part of the consideration, and must have been worth money. A new trial is therefore ordered, unless the defendant, according to his former offer, shall return the child to the plaintiff within the space of three months.
Chipman, for the motion.
.Ellison is? Smith, and Petigru, contra.
justices Johnson., Huger, Gantt, and Colcock, concurred,